**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MAGDALENA GARCIA, #26156-077,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1371-G** |
| | ) | **ECF** |
| **ROBERT G. ESTRADA,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This action purports to be action one brought by a federal prisoner seeking relief pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at FCI Dublin in Dublin, California. Defendant is Attorney Robert G. Estrada. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Plaintiff seeks to sue her counsel for ineffective assistance of counsel in connection with her conviction in United States v. Magdalena Garcia, 4:94cr0101(03) (N.D. Tex., Fort Worth Div) (Judge John McBryde). She does not specify the relief sought.[1]

---

[1]     Attached to the complaint is a brief bearing the caption of her criminal case, and setting out the basis for her claim of ineffective assistance of counsel. Plaintiff previously filed in the sentencing court three motions to vacate her sentence pursuant to 28 U.S.C. § 2255. See United States v. Garcia, 4:06cv124-A (N.D. Tex., Fort Worth Div., Feb. 16, 2006) (dismissing § 2255 motion as successive); United States v. Garcia, 4:05-cv-765-A (N.D. Tex., Fort Worth, Dec. 2, 2005) (same); United States v. Garcia, 4:04cv581-A (N.D. Tex., Fort Worth Div., Aug.

<u>Findings and Conclusions</u>:  On August 3, 2006, the Court issued a notice of deficiency and order to Plaintiff.  The order notified Plaintiff that she had neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis*.  The order directed Plaintiff to cure the deficiency within thirty days and cautioned her that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute.  As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the August 3, 2006 order, but has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

---

9, 2004) (same).

Insofar as Plaintiff again seeks to challenge her conviction and sentence pursuant to a successive § 2255 motion, she must first obtain leave to file from the Fifth Circuit Court of Appeals.  <u>See</u> <u>United States v. Garcia</u>, 4:06cv124-A (N.D. Tex., Fort Worth Div., Feb. 16, 2006) (dismissing § 2255 motion as successive)..

In the alternative this action should be dismissed for lack of jurisdiction.  Although the body of her pleadings alleges that her attorney in her 1994 criminal conviction failed to provide effective assistant of counsel, Garcia does not identify or describe any relief she seeks from the Defendant. Assuming arguendo that she is accusing her former attorney of legal malpractice, she has failed to demonstrate that this court has subject matter jurisdiction over her claim.  She has not satisfied the prerequisites for application of this court's diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Moreover, given that the attorney's representation concluded approximately nine years prior to the filing of the present action, any malpractice action would be barred by limitations.

Finally, liberally construing Garcia's pleadings as a collateral attack on her conviction in Cause No. 4-94-CR-101-A, it is clear that the court is without jurisdiction to consider the same.  *See* n. 1, *supra.*

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) or in the alternative that the same be dismissed for lack of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of September, 2006.

Wm. F. Sanderson, Jr.
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you

3

must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.